IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH V. METOYER, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:11CV280 |
| JUDGE LARRY GIST, ET AL | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Joseph V. Metoyer, an inmate currently confined at the Jefferson County Correction Facility, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Judge Larry Gist and the Jefferson County Judicial System.

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this action be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. As the Magistrate Judge correctly concluded, judges defending against section 1983 actions enjoy absolutely immunity from damages liability for acts performed in their judicial capacity. *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1987). Furthermore, to the extent Plaintiff asserts claims against Jefferson County as a municipality, a governmental entity may not be held liable for acts of its employees under a theory of *respondeat superior*. *See Monnell, v. Department of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Municipalities are not vicariously liable for the actions of their employees under § 1983.

Municipal liability inures only when the execution of a local government's policy or custom causes the injury." *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996). Plaintiff has made no showing as to the specific custom or policy at issue, that the policy makers actually or constructively knew of its existence, that a constitutional violation occurred, nor how the specific custom or policy at issue served as the moving force behind any alleged violation. *Meadowbriar Home for Children, Inc, v. Gunn*, 81 F.3d at 521, 532-533 (5th Cir. 1996). Plaintiff's claims are without merit.

## ORDER

Accordingly, the objections of plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **26** day of **August, 2011.**

_____
Ron Clark, United States District Judge